UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILLIPS & JORDAN, INC. | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-864-SDJ |
| | § | |
| WHITLOCK AIR SERVICE, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Federal courts have a "virtually unflagging obligation" to exercise jurisdiction over the cases assigned to them. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). That is why a federal action may be stayed pending the outcome of a state court proceeding only in limited circumstances. Defendant Whitlock Air Service, Inc., ("Whitlock") asserts that those circumstances are met here based on the overlap between this case and a state court collection action. The Court disagrees, however, that the state action warrants halting this federal lawsuit and therefore denies the motion to dismiss or stay.

## I. BACKGROUND

This case arises from a dam construction project at Bois D'Arc Lake in Honey Grove, Texas. Plaintiff Phillips & Jordan, Inc., ("Phillips") accuses Whitlock, an agricultural aviation company, of causing nearly $2,000,000 in damages through the negligent performance of aerial spraying services. (Dkt. #5 at 1). Instead of spraying herbicide only on "well-established" grass areas on and surrounding the project, as required under its subcontract, Whitlock allegedly sprayed herbicide on several newly seeded grass areas, including two spillways and a "sloped earthen dam wall," which

1

choked the grass ahead of the Texas summer and necessitated substantial remediation efforts at Phillips's expense. (Dkt. #1 ¶¶ 12, 14–15, 18, 30).

Phillips seeks to recover these remediation expenses under an indemnity provision in its subcontract with Whitlock. As an initial effort to recover the expenses, Phillips sent Whitlock a demand letter threatening legal action. (Dkt. #1 ¶ 20). When the demand letter went unanswered, Phillips sent an additional notice reiterating the threat of a lawsuit and attaching a fully drafted federal complaint. (Dkt. #5-1). But just one day after Phillips sent the additional notice, Whitlock filed a state court collection action for approximately $6,000 in unpaid spraying services. (Dkt. #3-1). The state court petition, only five pages long, asserted nine times that the amount in controversy did not exceed $75,000: the threshold for establishing federal jurisdiction under the diversity statute. *See* 28 U.S.C. § 1332. Phillips then filed its federal action a few days later asserting claims for negligence and breach of contract. (Dkt. #1). The result is that two lawsuits have now been filed—one state; the other, federal—arising from Whitlock's aerial spraying services in Honey Grove.

Whitlock moves to "dismiss, abstain, stay or in the alternative, transfer" this federal action pending resolution of the state court proceeding.[1] (Dkt. #3 at 1). On

---

[1] The Court will refer to Whitlock's motion as a motion to dismiss or stay because those are the two outcomes contemplated by the Supreme Court for the surrender of jurisdiction under *Colorado River*: the applicable abstention doctrine. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see also Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465 (5th Cir. 2012) (observing that most federal circuit courts have concluded that the preferred mechanism for relinquishing jurisdiction under the *Colorado River* abstention doctrine is a stay as opposed to a dismissal; a remand, however, is never an option). Both outcomes envision "that the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28.

May 25, 2023, the Court held a hearing on the motion, (Dkt. #17), which is fully briefed and ripe for the Court's review.

## II. LEGAL STANDARD

That a case is brought in state court does not generally wrest the federal courts of jurisdiction over it. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910))). To the contrary, federal courts have a "virtually unflagging obligation" to decide the matters assigned to them. *Colo. River Water Conservation Dist.*, 424 U.S. at 817.

The *Colorado River* abstention doctrine provides an "extraordinary and narrow exception" to that general rule—allowing a federal action to be stayed pending resolution of a state court proceeding in "exceptional circumstances." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 813); *see also In re Abbott Labs.*, 51 F.3d 524, 529 (5th Cir. 1995) (observing that the *Colorado River* abstention doctrine applies in "truly rare and exceptional cases"). Unlike other abstention doctrines, which promote "state-federal comity" or the "avoidance of constitutional decisions," *Colorado River* concerns "wise judicial administration" and the "conservation of judicial resources."[2] *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 14–15.

---

[2] For that reason, some courts do not consider *Colorado River* to be an "abstention" doctrine but instead describe it as an independent path for surrendering jurisdiction when

Although the *Colorado River* abstention doctrine is governed by no "hard and fast rule," the Supreme Court has identified six factors that may be considered when deciding whether exceptional circumstances exist supporting its application: (1) whether the state court or federal court has assumed jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the extent federal law supplies the rule of decision on the merits; and (6) the adequacy of the state proceeding in protecting the rights of the party invoking federal jurisdiction. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15–16, 23, 26; *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (per curiam). The Court does not apply these factors as a "mechanical checklist" but instead balances them carefully based on the facts and circumstances of the case—with the balance weighted "heavily . . . in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.

## III. DISCUSSION

Whitlock has failed to demonstrate exceptional circumstances supporting a dismissal or stay of this action. As a threshold matter, the Court finds that *Colorado River* is the only abstention doctrine that applies in this case. Although Whitlock

---

abstention is unavailable—referring to *Colorado River* as the "exceptional circumstances" doctrine or as the "judicial economy" doctrine. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 637 (9th Cir. 1989) ("The Supreme Court has made it clear that the *Colorado River* doctrine is not a recognized form of abstention."); *Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984) (asserting that the *Colorado River* doctrine applies when "abstention is not appropriate"). In *Colorado River* itself, the Supreme Court stated that the case fell "within none of the abstention categories." *Colo. River Water Conservation Dist.*, 424 U.S. at 817. This Court, however, will follow the Fifth Circuit's lead in describing *Colorado River* as an abstention doctrine. *In re Abbott Labs.*, 51 F.3d at 529; *Stewart*, 438 F.3d at 491; *see also Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 308 n.3 (1st Cir. 1986) ("*Colorado River* created a fourth category of abstention . . . .").

invokes *Brillhart* abstention as an alternative ground for relief,[3] that doctrine applies only to declaratory judgment actions—and not to straightforward money damages claims like those at issue here. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 285, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (confirming that *Brillhart* abstention does not apply "beyond the context of declaratory judgments" (citations omitted)).

The Court finds that none of the *Colorado River* abstention factors support surrendering jurisdiction over this case. Because the factors do not support surrendering jurisdiction, the Court must retain jurisdiction under the general principle that its obligation to decide the cases assigned to it is nearly absolute. *Colo. River Water Conservation Dist.*, 424 U.S. at 817. After all, the Court's job is not to "find some substantial reason for the exercise of federal jurisdiction;" instead, the Court must exercise jurisdiction by default unless the moving party demonstrates grounds for abstention under the "clearest of justifications."[4] *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 (emphasis omitted).

---

[3] *See* (Dkt. #3 at 3) (applying the *Brillhart* abstention factors); *State Farm Lloyds v. Four Wives, Ltd.*, No. 2:22-CV-00169, 2023 WL 2625808, at *2 (S.D. Tex. Mar. 24, 2023) (articulating the factors "relevant to the *Brillhart* doctrine").

[4] Because Whitlock has failed to demonstrate exceptional circumstances supporting a dismissal or stay of this action, the Court need not address an additional requirement for the applicability for the *Colorado River* abstention doctrine: that the state and federal actions be "parallel." *See Saucier*, 701 F.3d at 462–63 ("Because we find that [*Colorado River*] abstention is not justified by 'exceptional circumstances,' we do not address [the parallel proceedings] argument further."); *cf. Biles*, 714 F.3d at 892 ("The federal and state lawsuits in this case are far from parallel. The state action undisputedly involves additional defendants and issues not involved in the federal action . . . .").

## A. Jurisdiction Over a Res

The motion to dismiss or stay concedes that the first *Colorado River* abstention factor does not support halting this federal proceeding. *See* (Dkt. #3 at 4) (admitting that "property is not an issue" in this case). Neither the state court action nor the federal action involve a res or "property over which any court . . . has taken control." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999). The absence of jurisdiction over a res does not render that factor neutral—"of no weight in the scales." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). Instead, the absence of this factor "speak[s] against abstention." *Id.* The Court concludes therefore that the first *Colorado River* abstention factor supports maintaining federal jurisdiction over this dispute.

## B. Relative Convenience of the State and Federal Forums

The second *Colorado River* abstention factor does not support relinquishing federal jurisdiction either. The motion to dismiss or stay acknowledges that the state and federal courthouses are located "within 30 miles of each other." (Dkt. #3 at 4). When the relevant courthouses are located in approximately "the same geographic location, the inconvenience factor weighs against abstention." *Stewart*, 438 F.3d at 492; *see also Evanston Ins. Co.*, 844 F.2d at 1191 (observing that "the inconvenience factor primarily involves the physical proximity of the federal forum to the evidence and witnesses.").

The important question is not whether the state court is a "better" location than the federal forum—but instead, whether "the inconvenience of the federal forum is so great" that (when considered with the other factors) it overcomes the strong

6

interest in maintaining federal jurisdiction. *Evanston Ins. Co.*, 844 F.2d at 1192. Because Whitlock has not demonstrated a risk of inconvenience meeting that standard—or, for that matter, the risk of *any* inconvenience resulting from a federal adjudication—the second *Colorado River* abstention factor cuts against the motion to dismiss or stay proceedings.

## C. Avoidance of Piecemeal Litigation

The desirability of avoiding piecemeal litigation also supports denying the motion to dismiss or stay proceedings. This factor is implicated only when the parallel state and federal lawsuits risk inconsistent rulings: most notably, when the cases involve "jurisdiction over a res or property" or distinct claims. *See Evanston Ins. Co.*, 844 F.2d at 1192 (emphasizing that the avoidance of piecemeal litigation factor did not support abstention absent an assertion of jurisdiction over a res or property); *Stewart*, 438 F.3d at 492 (acknowledging the potential for piecemeal litigation when the state action involved fiduciary duty claims not presented in the federal lawsuit). The factor is not implicated, however, when lawsuits are merely duplicative. *Evanston Ins. Co.*, 844 F.2d at 1192. To the contrary, duplicative cases are appropriately resolved through "plea[s] of *res judicata*" without the need for federal abstention. *Id.*

Here, Whitlock has demonstrated no risk of inconsistent rulings. Instead, it asserts, without any supporting analysis or authorities, that "[i]t makes little sense to litigate the same issues with the same parties in two different courts." (Dkt. #3 at 4). Whitlock's argument amounts to a concern over duplicative litigation, not piecemeal litigation, and therefore fails to support a surrender of federal jurisdiction.

7

The Court finds that the third *Colorado River* abstention factor weighs against granting the motion to dismiss or stay proceedings. *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000) (weighing the third *Colorado River* abstention factor against abstention when the defendant had demonstrated only a risk of duplicative litigation—not piecemeal litigation); *Murphy*, 168 F.3d at 738 (same).

**D. Order in Which Jurisdiction Was Obtained**

Similarly, the order in which jurisdiction was obtained does not support abstention under *Colorado River*. This factor does not yield to a "mechanical" application but must instead be applied "pragmatic[ally]" with a "view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. Federal courts therefore focus on the progress made in each case as opposed to reflexively evaluating which action was filed first. *Id.* ("Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.").

Here, the state and federal actions were filed within three days of each other. *Compare* (Dkt. #3-1) (filed in state court on October 4, 2022), *with* (Dkt. #1) (filed in federal court on October 7, 2022). The parties have exchanged written discovery in both cases and filed substantive motions. Although the state action is slated for trial sooner than its federal counterpart by virtue of Texas's procedure for expedited

actions,[5] TEX. R. CIV. P. 169, that alone does not support an abdication of federal jurisdiction. To the contrary, the Court finds that under the flexible standards for evaluating *Colorado River* abstention motions, the cases have advanced at "approximately the same pace" and therefore weighs this factor against abstention. *See Black Sea Inv., Ltd.*, 204 F.3d at 651 (weighing the fourth *Colorado River* abstention factor against dismissing or staying the case when the state and federal actions had advanced at approximately the same pace); *Murphy*, 168 F.3d at 738–39 (same).

## E. Whether State Law or Federal Governs the Merits

Although state law governs this dispute, that does not necessarily support staying or dismissing this federal action. The presence of state law issues weighs in favor of abstention only in "rare circumstances." *Evanston Ins. Co.*, 844 F.2d at 1193. Much more important to the *Colorado River* abstention analysis is the "presence of . . . federal law issue[s]"—which always weighs against the surrender of jurisdiction. *Id.* (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26). Because Whitlock has not identified any rare circumstances counseling against the assertion of jurisdiction over the issues presented in this action, the Court finds that the fifth *Colorado River* abstention factor does not support dismissing or staying this case. *See Black Sea Inv., Ltd.*, 204 F.3d at 651 (treating the fifth *Colorado River* abstention factor as "at most neutral" in a case involving only state claims); *Stewart*, 438 F.3d

---

[5] The parties represented at the hearing on the motion to stay or dismiss that the state action will be tried in October 2023. By comparison, the federal action is set for a pretrial conference on May 15, 2024. (Dkt. #15 at 4).

at 493 (same); *cf. Murphy*, 168 F.3d at 739 (weighing the fifth *Colorado River* abstention factor in favor of federal jurisdiction in a case involving both state and federal rules).

## F. Adequacy of State Proceedings

The adequacy of state proceedings factor cannot support abstention as a matter of law. This factor contemplates the adequacy of the state court to resolve the dispute and therefore must be counted as either a neutral factor or a factor supporting federal jurisdiction. *Stewart*, 438 F.3d at 493 ("The sixth factor [adequacy of state proceedings] is either a neutral factor or one that weighs against abstention."); *Biles*, 714 F.3d at 893. Here, the Court finds that this factor "remains neutral" because neither party contests the state court's ability to adjudicate the case. *Black Sea Inv., Ltd.*, 204 F.3d at 651.

## IV. CONCLUSION

Whitlock has failed to demonstrate exceptional circumstances supporting a surrender of this Court's jurisdiction over the case. Therefore, the Motion to Dismiss, Abstain, Stay, or in the Alternative, Transfer the Federal Case to State Court, (Dkt. #3), is **DENIED**.

**So ORDERED and SIGNED this 9th day of June, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE